**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 24-6855**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS TROY MOODY,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Jamar Kentrell Walker, District Judge. (4:19-cr-00051-JKW-LRL-1; 4:22-cv-00066-JKW)

―――――――――

Submitted: April 24, 2026                                Decided: June 4, 2026

―――――――――

Before GREGORY and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

―――――――――

Dismissed in part and affirmed in part by unpublished per curiam opinion.

―――――――――

Marcus Troy Moody, Appellant Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Troy Moody filed a 28 U.S.C. § 2255 motion seeking relief from his convictions for drug and firearms offenses and his resulting 207-month sentence. Moody's § 2255 motion, as amended, raised thirteen grounds for relief, including a claim that his trial counsel was ineffective in providing incorrect advice during plea negotiations regarding the mandatory minimum terms of imprisonment Moody would face for his two charges under 18 U.S.C. § 924(c) (hereinafter, "Claim 1"). After conducting an evidentiary hearing on Claim 1, the district court denied § 2255 relief, rejecting each of Moody's claims on its merits. The district court granted a certificate of appealability as to Claim 1 but denied a certificate of appealability as to Moody's remaining claims. Moody now appeals the district court's ruling on Claim 1 and seeks to appeal the district court's rulings on several other claims.[1] We dismiss in part and affirm in part.

Because the district court granted a certificate of appealability on Claim 1, we review the district court's legal conclusions de novo and its findings of fact for clear error. *United States v. Yelizarov*, 140 F.4th 597, 604 (4th Cir.), *cert. denied*, 146 S. Ct. 345 (2025). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (internal quotation marks omitted). "[W]hen a district court's factual finding is based upon

---

[1] Moody has filed several motions for appointment of counsel. We deny those motions.

2

assessments of witness credibility, such finding is deserving of the highest degree of appellate deference." *United States v. Thompson*, 554 F.3d 450, 452 (4th Cir. 2009) (internal quotation marks omitted).

To establish ineffective assistance of counsel, Moody first must demonstrate that his counsel's performance was constitutionally deficient, *United States v. Murillo*, 169 F.4th 273, 283 (4th Cir. 2026), that is, that "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms," *id.* at 286 (internal quotation marks omitted). In doing so, Moody must "overcome the strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. McNeil*, 126 F.4th 935, 942 (4th Cir. 2025) (internal quotation marks omitted). "Counsel's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017) (internal quotation marks omitted).

Second, Moody "must establish prejudice, in the form of a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Powell*, 134 F.4th 222, 227 (4th Cir. 2025) (internal quotation marks omitted). In the plea bargaining context, a defendant demonstrates prejudice by establishing "a reasonable probability that," but for counsel's deficient performance, "he would have accepted a plea," "the court would have approved its terms," and "the resulting conviction or sentence would have been less severe than that actually imposed." *United States v. Mayhew*, 995 F.3d 171, 177 (4th Cir. 2021) (internal quotation marks omitted).

3

We have reviewed the record in view of these standards and find no reversible error in the district court's determination that Moody failed to establish constitutionally deficient performance by trial counsel.[2]  We therefore affirm the district court's order in part, insofar as it denies relief on Claim 1 of Moody's § 2255 motion.

Moody may not appeal the district court's rejection of his remaining claims unless a circuit justice or judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017).

We have independently reviewed the record and conclude that Moody has not made the requisite showing.  Accordingly, we deny a certificate of appealability and dismiss the remainder of Moody's appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[2] Because we conclude that Moody failed to satisfy his burden to demonstrate deficient performance, we decline to resolve Moody's remaining arguments as to whether counsel's performance prejudiced his defense.

4